FILED

APR 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEIN HETTINGA, DBA Sarah Farms; ELLEN HETTINGA, DBA Sarah Farms, | No. 10-15140 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-00204-JWS |
| v. | MEMORANDUM[*] |
| THOMAS J. VILSACK, in his capacity as Secretary of the United States Department of Agriculture, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted April 14, 2011[**]
Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

Hein and Ellen Hettinga ("the Hettingas") d/b/a Sarah Farms appeal the adverse

grant of summary judgment in their action challenging the Secretary of the U.S.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Department of Agriculture's ("USDA") interpretation of the 2006 amended Arizona-Las Vegas Milk Marketing Order ("Amended Order") as applied to them and seeking refund of $324,211.60 in assessments paid for the month of April 2006.  We affirm.

The USDA's interpretation of its own regulation is entitled to substantial deference and must be given controlling weight "unless an 'alternative reading is compelled by the regulation's plain language or by other indications of the agency's intent at the time of the regulation's promulgation.'"  *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (quoting *Gardebring v. Jenkins*, 485 U.S. 415, 430 (1988)); *see Auer v. Robbins*, 519 U.S. 452, 461 (1997); *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008).

Here, the agency's interpretation of the Amended Order is contradicted by neither its plain language nor other evidence of regulatory intent.  The Hettingas did not lose their producer-handler exemption status in April 2006 due to failure to meet one of the five "designation requirements" or fulfillment of one of the three "cancellation conditions," and therefore the Amended Order's new cancellation provision, providing for a one-month enforcement grace period, does not, on its face, apply.  *See* 7 C.F.R. § 1131.10(a), (c).  Rather, USDA claims the Hettingas were immediately and automatically disqualified from producer-handler exemption status for the month of April 2006 because they exceeded the monthly three-million pound

sales cap. *See id.* § 1131.10 pmbl. Reading the regulation as a whole, we cannot say the agency's interpretation of its own regulation is unreasonable. *See Or. Paralyzed Veterans of Am. v. Regal Cinemas, Inc.*, 339 F.3d 1126, 1131 (9th Cir. 2003).

**AFFIRMED.**